UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY ETTENGER, *individually and on behalf of all others similarly situated,*<br><br>                    Plaintiff,<br><br>    v.<br><br>REVCO SOLUTIONS, INC.<br><br>                    Defendant. | Civil Action No:<br><br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Jeffrey Ettenger (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, against Defendant Revco Solutions, Inc. and PSEG ("Revco", or "Defendant") individually and on behalf of a class of all others similarly situated, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.        Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws...[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id.* at §§ 1692(b) & (c).

2.    Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id.* at § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq.* The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.    Plaintiff brings this class action on behalf of a class of New York consumers pursuant to§ 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6.    Plaintiff and the Class members are seeking damages and declaratory relief.

## PARTIES

7.    Plaintiff is a resident of the State of New York, County of Nassau.

8.    Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9.    Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process c/o Corporation Service Company, located at 80 State Street, Albany, New York 12207.

2

10.     Upon information and belief, Defendant is a company that uses the mail, telephone and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.     The Class consists of:

    a.   All individuals with addresses in the State of New York;

    b.   Who received a collection communication from the Defendant;

    c.   For a debt;

    d.   Which improper collection actions occurred on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

13.     The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14.     Excluded from the class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.     There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

3

16.     Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

    a.  Numerosity: Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

    b.  Common Questions Predominate: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers after creating a payment plan, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

    c.  Typicality: Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d.  Adequacy: Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal

issues and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e.  Superiority: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

20.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.    Sometime prior to August 23, 2024, Plaintiff allegedly incurred a debt with PSEG.

22.    Notably, this debt relates to alleged services provided to Plaintiff at a residence located at 70 Greybarn Lane, Apartment 203, Amityville, New York 11701 between February 2024 and May 2024.

23.    Plaintiff did not reside at this residence during the above period.

24.      PSEG was aware that Plaintiff no longer resided at the above address. In fact, Plaintiff maintained an account with PSEG for a different address during this time frame. The account was actually transferred to the new address February 1, 2024.

25.      The alleged debt was incurred solely for residential electric services.

26.      The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

27.      Upon information and belief, PSEG contracted with Defendant for the purpose of collecting this alleged debt.

28.      Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29.      On or about August 14, 2024, Revco contacted Plaintiff on his cell phone regarding this debt. Revco stated it was on a recorded line thus Revco has a record of this call.

30.      Revco advised Plaintiff of this alleged debt. Plaintiff stated that it was not a valid debt, and in fact had not received any prior letters from either Revco or PSEG regarding this debt. Rather than terminate the call and send a valid letter, Revco continued the call with the purpose of harassing Plaintiff. Revco stated that they had sent prior correspondence, but when providing the Plaintiff's address, it was actually incorrect.

31.      As such, Revco was attempting to collect a debt relating to an electric bill at 70 Greybarn Lane, Apartment 203, Amityville, New York , and somehow had the wrong address for the consumer.

32.     During this call, in addition to disputing the validity of the debt, Plaintiff instructed Revco to send appropriate correspondence, to the appropriate address and to not contact Plaintiff again by phone.  Again, this was on a recorded line so Revco will have evidence of this interaction.

33.     On August 16, 2024, Plaintiff did receive the attached correspondence from Revco. The correspondence violates the FDCPA in a variety of ways. The Plaintiff's name is spelled wrong. The letter does not identify Revco as a debt collector. The letter does not have an account number for PSEG. The letter does not identify what investigation Revco conducted to verify the debt, which again is wholly invalid.

34.     Though Revco had been specifically advised by Plaintiff that he did not want to receive any further phone calls, on August 23, 2024, at 8:30 am New York time, Revco again contacted Plaintiff regarding the debt. Again, Plaintiff advised Revco that the debt was invalid and that they cannot contact him again by phone.

35.     On August 26, 2024, Revco yet again contacted Plaintiff regarding the debt.

36.     Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

37.     Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount and status of the alleged debt.

38.     Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it makes "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

39.     By deceptively misrepresenting the existence of an amount owed, Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(l0).

40.     Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

7

41.     A debt collector violates 15 U.S.C. § 1692f(l) when it tries to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

42.     A debt collector violates 15 U.S.C. § 1692c(c)(1) by contacting the consumer after the Plaintiff has requested that communications cease.

43.     A debt collector violates 15 U.S.C. § 1692c(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

44.     Accordingly, Defendant's conduct violated multiple provisions of the FDCPA.

45.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

46.     The harms caused by Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

47.     As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

48.     For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

49.     Plaintiff suffered various emotional harms including, but not limited to, increased heartrate, difficulty with sleep anxiety, and stress associated with the fear of a debt collector attempting to collect a debt she is not responsible for and cannot afford to pay.

50.     Defendant's conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

51.     Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

52.     Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to the collection of any consumer debt.

53.     Defendant's conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendant's Letter.

54.     Defendant's Letter further caused distress, embarrassment, humiliation, disruption and other damages and consequences because Plaintiff was unaware as to why Defendant showed a balance due on services not rendered

55.     Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

56.     Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

57.     In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

58.     In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

59.      As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

60.      This is not an appropriate debt.  Plaintiff did not reside at the residence at the time of the alleged debt.  In fact, Plaintiff transferred his account to a new address on February 1, 2024.

61.      Plaintiff never received any correspondence, via regular mail or email from either Revco or PSEG that this debt was allegedly owed.

62.      If correspondence was sent correctly, Plaintiff would have disputed the debt, and it would have been resolved. Instead, Plaintiff's credit has been effected by this improper debt.

63.      Revco has acted negligently and recklessly in attempting to collect a debt that is knowingly improper.

64.      Plaintiff has been damaged by this conduct.

65.      The exact damages are presently unknown, but likely exceed $10,000.00

## COUNT  I
## VIOLATIONS OF THE  FAIR  DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

66.      Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

67.      Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and the Class members violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

68.      Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

69.      Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

70.    Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it makes "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

71.    By deceptively misrepresenting the existence of a debt owed, Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

72.    Defendant violated 15 U.S.C. § 1692e:

    a.    By deceptively misrepresenting the existence of a debt owed.

73.    By reason thereof, Defendant is liable to Plaintiff and the Class members for judgment in that Defendant's conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

74.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

75.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and the Class members violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

76.    Pursuant to 15 U.S.C. § 1692f(l) prevents debt collectors from collecting any amount that is not "expressly authorized by the agreement creating the debt or permitted by law."

77.    Defendant violated § 1692f:

    a.    By failing to maintain policies and procedures that were reasonably calculated to prevent Defendant from making collection communications seeking more money than it is legally authorized to collect upon.

78.     By reason thereof, Defendant is liable to Plaintiff and the Class members for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692b,c, d and e *et seq.*

79.     Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

80.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

81.     Defendant violated Section 1692c in:

A.     Contacting Plaintiff at inconvenient times;

B.     Failing to cease telephone communications on multiple occasions after being instructed to cease said communications;

C.     Causing the phone to ring or engaging in telephone conversations repeatedly with intent to annoy, abuse or harass.

D.     Communicating with the Plaintiff on numerous occasions in violation of Section 1692(b)(3);

E.     Failing to properly identify itself as a debt collector in its initial correspondence pursuant to Section 1692(b)(5);

82.     By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692c, d and e *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

83.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jeffrey Ettenger, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1.  Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned as Class Counsel;

2.  Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(l);

3.  Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4.  Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5.  Providing declaratory relief for the Plaintiff and the Class by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201;

6.  Awarding the Plaintiff and the Class punitive damages for Defendant's willful and reckless conduct; and

7.  Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

8.  Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned as Class Counsel;

9.  Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(l);

10. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

11. Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

12. Providing declaratory relief for the Plaintiff and the Class by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201;

13. Awarding the Plaintiff and the Class punitive damages for Defendant's willful and reckless conduct; and

14. Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated:  September 4, 2024

Respectfully submitted,

Jeffrey Ettenger, Esq.
Schwartz Ettenger, PLLC
*Attorney for Plaintiff*
425 Broad Hollow Road, Suite 203
Melville, New York 10017
(631) 777-2401
jse@selawny.com

l:\ettenger, jeff\jse general\revco complaint.docx